RODRÍGUEZ, PLAINTIFF AND APPELLANT, *v.* COMPAÑÍA FÉRREA DEL OESTE ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages.

No. 1355.—Decided November 10, 1915.

NEGLIGENCE—CONTRADICTORY EVIDENCE.—In this case the evidence was contradictory as to the essential point of negligence which the plaintiff attributed to the defendants and the trial judge decided the conflict in favor of the defendants. *Held:* That as it was not shown that the judge was influenced by passion, prejudice, or partiality or committed manifest error, the judgment appealed from should be affirmed.

The facts are stated in the opinion.
*Mr. Jacinto Texidor* for the appellant.
*Messrs. Martínez & Iriarte* for the appellees.
MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages. The plaintiff, Eladio Rodríguez Torres, alleges that an automobile belonging to him was damaged by one of the railroad cars operated by the defendant company between Cataño· and Bayamón and that as a result his business was injured, for· all of which he claims damages in the sum of $3,000 from the company. The defendant denied the allegations of the complaint, which described the accident, and alleged as new matter of defense that the engineer and conductor alluded to in the complaint were persons capable of discharging their duties, being strictly moral in their habits, thoughtful and careful, all of which qualities the company had in mind when it employed them.

After a trial, wherein witnesses testified on both sides, the court rendered judgment dismissing the complaint without special imposition of costs. Thereupon the plaintiff took the present appeal.

In its findings and. after referring to the pleas of both parties, the trial court expressed itself as follows:

"In support of the allegations set up in his complaint the plaintiff introduced several witnesses and testified himself, all of which tended to show the guilt of the defendant and the negligence of its employees at the time of the occurrence of the accident referred to in the complaint.

"On being questioned about the experience of the man who drove the car, the plaintiff testified that he did not have much experience but was competent to drive a car over a clear road like that of Cataño.

"After considering the evidence introduced by the plaintiff, we arrive at the conclusion that the allegations of the complaint have not been proved.

"Nor has it been shown by the evidence that the collision between the railroad car and the rear left side of the top of the automobile rendered the latter unserviceable, and much less that the said·accident was the cause of the total loss of the plaintiff's business as well as of the automobile.

"The evidence introduced by the defendant company, which coincides with a part of the evidence introduced by the plaintiff, shows that the automobile was standing on the left side of the road instead of on the right side, as is required by the act regulating road. traffic;

that the train was running at a short distance from the automobile when the latter stopped at a place where rock had been spread and the engineer immediately endeavored to stop the train, which was stopped exactly in front of the place where the automobile was standing and just after the collision had occurred; that on the right-hand side of the automobile there was enough space for another automobile to pass and that the roller, which the plaintiff alleges was standing on the right-hand side of the automobile, was distant six or eight meters from the automobile.

"There is no doubt that if the *chauffeur* had been driving carefully and had stopped the automobile on the right-hand side of the road, there being nothing to prevent his doing so, the accident would not have occurred. The negligence of this employee is of itself sufficient to defeat the action."

The only error assigned by the appellant in his brief is that in his opinion the court committed error in weighing the evidence.

The said evidence was contradictory as to the essential point of negligence which the plaintiff attributes to the defendant company. Plaintiff's witnesses endeavored to show that the engineer in charge of the defendant's train stopped it before it reached the place where the plaintiff's automobile was standing and then started it again and that then the collision with the automobile occurred. On the other hand, defendant's witnesses explained the occurrence in the manner which the trial judge accepts in his findings which we have transcribed.

Therefore the evidence was contradictory and the trial judge decided the conflict in favor of the defendant, and in order to justify a reversal by this court of the decision of the trial judge it must be shown that the said judge was influenced by passion, prejudice or partiality or committed some manifest error.

We have analyzed the evidence carefully and there is nothing to show that the judge was so influenced. Therefore the judgment appealed from should be affirmed, for, accepting the facts as shown by the evidence to which the trial judge

gave credence, it does not appear that the defendant company acted negligently and consequently it is not shown to have incurred any liability to the plaintiff.

The appeal is dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.